IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MASON WHITE HYDE-EL,              )
                                  )
        Plaintiff,                )
                                  )
        v.                        )       1:19CV1172
                                  )
GLORIA JONES, et al.,             )
                                  )
        Defendant(s).             )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Mason White Hyde-El, who was then a pretrial detainee in Rowan County North Carolina but is now a federal pretrial detainee facing a variety of charges related to dealing heroin in case 1:19CR548-1 in this Court, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names four defendants in the case: 1) Rowan County Magistrate Gloria Jones, 2) Kevin Black, a Deputy in the Rowan County Sheriff's Office, 3) Rowan County, and 4) the Independent Tribune, a newspaper in Concord, North Carolina. He alleges that Defendant Black obtained warrants for Plaintiff's arrest from Defendant Jones, but that the warrants were not properly supported by a showing of probable cause. Plaintiff was arrested and held on

bond for almost four months before the State of North Carolina dismissed the charges.[1] He also claims that the Independent Tribune published an article making derogatory statements about him concerning his selling of heroin in multiple locations. Plaintiff seeks damages and the removal of Defendants Jones and Black from their jobs.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative

---

[1] The Court notes that the dismissal of these charges occurred after Plaintiff's federal indictment on similar charges. (1:19CR548-1, Docket No. 13, Prior Record.) The dismissal in no way appears to be an exoneration on the charges.

2

defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint

3

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

granted, and because it seeks monetary damages from a defendant with immunity from such relief.

Turning first to Defendant Jones, she is a state court magistrate from whom he seeks damages based on her conduct in handling his case. However, judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff also asks that the Court remove and bar Defendant Jones from her job, but this is not a proper request for relief. Plaintiff's claims against Defendant Jones should therefore be dismissed.

Turning next to the Independent Tribune, it is a private business and not a government official or entity acting under color of state law. Therefore, Plaintiff cannot state any claim against it under § 1983. His claims against the Independent Tribune should also be dismissed.

Plaintiff also names the County of Rowan as a defendant. Setting aside the question of whether the County is "person" who can be sued under § 1983, Plaintiff makes no allegations against the County in his Complaint. It may be that he seeks to hold the County liable for the actions of Defendants Jones or Black. If so, this claim also fails. The County is not responsible for Jones' actions because magistrates are employees of the State of North Carolina, not the county in which they perform their duties. See Darling v. Falls, 236 F. Supp. 3d 914, 926 (M.D.N.C. 2017); N.C. Gen. Stat. § 7A-4 (creating a unified General Court of Justice in North Carolina); N.C. Gen. Stat. § 7A-130 (creating the district court division of the General Court of Justice); N.C. Gen. Stat. § 7A-170 (stating that magistrates are officers of the district court). Further, the Eleventh Amendment of the United States Constitution bars claims for monetary damages against the State. Darling, 236 F. Supp. 3d at 925-26. As for

5

Defendant Black, to the extent that he is a county employee, the County cannot be held liable for his actions because Plaintiff alleges no direct involvement by any county official, there is no vicarious liability under § 1983, and theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor also do not exist under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

The remaining Defendant is Kevin Black.  Plaintiff alleges that Defendant Black applied for arrest warrants issued for Plaintiff by Defendant Jones (Docket Entry 2, Attach, § IV(A), ¶ 2), that Black did not furnish Plaintiff at his initial appearance with "a Complaint/Affidavit and/or Recorded Audio and Video Testimony showing probable cause to arrest Plaintiff (id., ¶ 5), and that Black applied for arrest warrants against Plaintiff "without providing a Complaint/Affidavit and/or recorded Audio and video Testimony before Magistrate Gloria Jones" (id., § IV(D), ¶ 1).  These allegations do not state any claim against Defendant Black because the United States Constitution does not require that a complaint, affidavit, or recorded testimony be presented in order to secure a warrant.  Instead, it requires only that a warrant be based "upon probable cause, supported by Oath or affirmation."  U.S. CONST. amend. IV.  "The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit" or "'that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit.'"  United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994), quoting United States v. Shields, 978 F.2d 943, 946 (6th Cir. 1992).  Accordingly, Plaintiff alleges no violation of his federal rights by Defendant Black in procuring the arrest warrants based on the manner in

6

which he presented or preserved the information supporting the warrants. The Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $26.67. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $26.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 31st day of January, 2020.

_____
Joe L. Webster
United States Magistrate Judge

8